IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:10-CV-124-D

| | |
|---|---|
| CHARLES ABRAHAM BRYANT, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| THE CITY OF GREENVILLE, NORTH CAROLINA, MICHAEL GEORGE, and STEVEN COTTINGHAM, | ) |
| Defendants. | ) |

This case comes before the court, in part, on two dismissal motions. One is a joint motion (D.E. 17) by defendants Michael George ("George") and Steven Cottingham ("Cottingham"), and the other (D.E. 33) by defendant City of Greenville ("Greenville") (collectively "these defendants"). Both motions ("the dismissal motions") seek dismissal for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. George and Cottingham's motion also seeks dismissal for insufficiency of service of process, pursuant to Rule 12(b)(5)[1], and Greenville's motion for insufficiency of process, pursuant to Rule 12(b)(4). While both motions assert additional grounds for dismissal (*e.g.*, lack of personal jurisdiction under Rule 12(b)(2)[2] and failure to state a claim upon which relief may be granted under Rule 12(b)(6)), and seek the conditional striking of plaintiff's request for a jury

---

[1] References to specific rules are to the Federal Rules of Civil Procedure unless otherwise indicated.

[2] Rule 12(b)(2) is not an appropriate basis for the court's ruling because that provision relates to the existence of personal jurisdiction over a defendant, rather than the means by which a court asserts personal jurisdiction over him, which is the issue in this case. *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. 2004) ("Although the questions of personal jurisdiction and service of process are closely interrelated, service of process is merely the means by which a federal court gives notice to the defendant and asserts jurisdiction over him; the actual existence of personal jurisdiction should be challenged by a Rule 12(b)(2) motion.").

trial, the court deems dismissal on the grounds stated the gravamen of both motions.  Plaintiff filed a response (D.E. 30) in opposition to George and Cottingham's motion, but did not respond to Greenville's motion.

Seven additional motions (D.E. 4, 28, 29, 37, 41, 45, 48) are also before the court. However, as explained below, they are either already moot, or are rendered moot or are otherwise resolved by the recommended disposition of defendants' dismissal motions.  These additional motions are therefore addressed after analysis of the dismissal motions.

All the foregoing motions were referred to the undersigned for either disposition pursuant to 28 U.S.C. § 636(b)(1)(A) (D.E. 4, 28, 29, 37, 41, 45), or review and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) (D.E. 17, 33, 48).[3]  The motions are ready for ruling.  For the reasons set forth below, it will be recommended that George and Cottingham's dismissal motion be allowed on the grounds of insufficiency of service of process under Rule 12(b)(5), Greenville's dismissal motion be allowed on the grounds of insufficiency of process under Rule 12(b)(4), and the remaining motions be denied as moot or as otherwise specified.

## BACKGROUND

Plaintiff Charles Abraham Bryant ("plaintiff") filed this action on 7 September 2010 pursuant to 42 U.S.C. § 1983 ("§ 1983") for violation of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  (*See* Compl. (D.E. 1) ¶ 1, 34). The claims against defendants arise from an alleged incident on 13 November 2007.  (Compl. ¶¶ 37-60).  Plaintiff alleges that George and Cottingham, officers of the Greenville Police Department, entered his apartment without legal justification (*id.* ¶¶ 37-51), wrongfully tasered him (*id.* ¶¶ 52-55), and arrested him for possession of marijuana, possession of drug

---

[3] Several other motions (D.E. 7, 10, 11, 22, 38) were also referred, but they have since been terminated by the Clerk's office due to deficiencies in form and other reasons.

paraphernalia, and resisting a public officer (*id*. ¶¶ 56-60). Plaintiff had asserted claims against two state judges, two prosecutors, a public defender, and a criminal defense attorney relating to the subsequent criminal proceedings against him, but he voluntarily dismissed these claims on 7 February 2011 (*see* D.E. 47).

Plaintiff purports to have served process on defendants by certified mail. Plaintiff sent the mailings to George and Cottingham at an address that appears to be that for the Greenville Police Department. (*See, e.g.,* Proof of Serv. on George (D.E. 6 at 15-16); Godley Aff. (D.E. 18-3) ¶¶ 3-5)).[4] The mailing was purportedly received on 21 September 2010. (Godley Aff. ¶ 4). Plaintiff sent the mailing for Greenville to the Mayor at her office, and it was purportedly received on 18 October 2010. (*See, e.g.,* Aff. of Serv. on Greenville (D.E. 29-1) 1; Return Receipt for Greenville (D.E. 29-2) 1).

## **DEFENDANTS' DISMISSAL MOTIONS**

### I. SUBJECT MATTER JURISDICTION

Defendants seek dismissal for lack of subject matter jurisdiction on the grounds that plaintiff alleged as a basis for subject matter jurisdiction over this case 28 U.S.C. § 1333, which relates to the court's admiralty and maritime jurisdiction.[5] (Compl. ¶ 35). Whether or not that

---

[4] The address provided in the evidence of record is the current address for the Greenville Police Department. (*See* Greenville White Pages, http://www.whitepages.com/business/greenville-police-dept-greenville-nc?site_id=10583 (last visited 2 Aug. 2011)); Fed. R. Evid. 201 (authorizing judicial notice of certain facts).

[5] The statute reads:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
>
> (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.
> (2) Any prize brought into the United States and all proceedings for the condemnation of property taken as prize.

28 U.S.C. § 1333. The proposed amended complaint (D.E. 45-1 at ¶ 1) submitted by plaintiff, which with the corresponding motion (D.E. 45) the court deems to be mooted by its recommended disposition of the dismissal motions, dropped this statute as a basis for jurisdiction. Irrespective of this or other developments in the

statute applies, plaintiff also alleged that he "claims federal jurisdiction pursuant to Article III § 2, which extends the jurisdiction to cases arising under the United States Constitution." (*Id.* ¶ 36). This constitutional provision does, in fact, provide for federal question jurisdiction, as plaintiff alleged. U.S. Const. III § 2 ("The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, [and] the Laws of the United States . . . ."). The corresponding statute, 28 U.S.C. § 1331, does as well. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Plaintiff's claims against defendants plainly arise under the Constitution. As indicated, he asserts violations of various amendments to the Constitution pursuant to § 1983. That statute, of course, permits a plaintiff to assert a direct cause of action against any "person" who under color of law violates rights, privileges, or immunities protected under the Constitution. *See, e.g.*, *Hughes v. Bedsole*, 48 F.3d 1376, 1383 n.6 (4th Cir. 1995) ("[Plaintiff's] claim under the Fourteenth Amendment merges into her § 1983 claim because § 1983 merely creates a statutory basis to receive a remedy for the deprivation of a constitutional right.").

The court concludes that it has subject matter jurisdiction over this case pursuant to its federal question jurisdiction under 28 U.S.C. § 1331. Defendants do not argue to the contrary. Lack of subject matter jurisdiction should accordingly be rejected as a ground for dismissal of this case.

---

proceedings, it is appropriate that the court confirm the existence of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## II. PERSONAL JURISDICTION

### A. Applicable Legal Principles

#### 1. Standard of Review

Rules 12(b)(4) and 12(b)(5) provide for dismissal of a case due to "insufficiency of process" or "insufficiency of service of process," respectively. *See Richardson v. Alliance Tire and Rubber Co., Ltd.*, 158 F.R.D. 475, 477 (D. Kan. 1994) ("'The motions authorized by Rules 12(b)(4) and 12(b)(5) permit defendant to challenge any departure from the procedure for serving him with the summons and complaint for purposes of giving notice of the action's commencement.'") (quoting 5A Wright and Miller, *supra* at n.2, § 1353 (2d ed. 1990)); *see also Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003) ("A motion pursuant to Federal Rule of Civil Procedure 12(b)(5) is the appropriate means for challenging the sufficiency of service of process."). A dismissal under Rules 12(b)(4) and (5) is without prejudice. *See* Fed. R. Civ. P. 4(m). "A plaintiff bears the burden of demonstrating that service of process, and the process itself, complies with the requirements of Rule 4, of the Federal Rules of Civil Procedure." *Watson v. Jiffy Lube Lube Core*, No. 5:1-CV-572-F, 2011 WL 2456707, at *2 (E.D.N.C. 15 June 2011). "Under Rule 12(b)(4) or (5), . . . affidavits and other materials outside the pleadings may be properly submitted and considered." *B.D. ex rel. Dragomir v. Griggs*, No. 1:09cv439, 2010 WL 1462764, at *1 (W.D.N.C. 12 Apr. 2010).

"In determining whether the plaintiff has satisfied his burden, the technical requirements of service should be construed liberally as long as the defendant had actual notice of the pending suit." *Elkins*, 213 F.R.D. at 275 (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668-69 (4th Cir. 1963)). However, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*,

733 F.2d 1087, 1089 (4th Cir. 1984). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998).

### 2. Legal Requirements for Service of Process

Pursuant to Rule 4(c)(1), "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Failure to serve a summons with the complaint renders process insufficient. *See Cherry v. Spence*, 249 F.R.D. 226, 228 (E.D.N.C. 2008) ("[S]ervice of a complaint without a summons is improper.").

Because plaintiff asserts § 1983 claims against George and Cottingham in their individual capacity[6] (*see* Compl. ¶¶ 136-211), he was required to serve them pursuant to the procedures governing service on individuals. Rule 4(e) provides that a plaintiff may serve process on an individual defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). The North Carolina Rules of Civil Procedure, in turn, permit service by "mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. R. Civ. P. 4(j)(1)c.

Service by mail under this rule may be to a defendant's place of employment. *See Deal v. Cape Fear Valley Hosp.*, No. 5:09-CT-3066-D, 2011 WL 354690, at *3 (E.D.N.C. 2 Feb. 2011); *Moore v. Cox*, 341 F. Supp. 2d 570, 573 (M.D.N.C. 2004). However, "[s]ervice of process cannot be effected upon [a] [d]efendant by serving at his place of employment

---

[6] To the extent that plaintiff intended to also sue these defendants in their official capacity, such claims would be equivalent to claims against their employer, Greenville, another named defendant. *See Nivens v. Gilchrist*, 444 F.3d 237, 249 (4th Cir. 2006) (holding that § 1983 claims against a state prosecutor in his official capacity was, "in effect, . . . against the governmental entity employing [the defendant-officials]") (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

individuals who are not authorized to accept service of process." *Watson*, 2011 WL 2456707, at *2 (applying N.C. R. Civ. P. 4(j)(1)c); *see also Elkins*, 213 F.R.D. at 276 (collecting cases holding same).

As to Greenville, Rule 4(j)(2) permits service of process on a city by "serving a copy of each [the summons and the complaint] in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(B). North Carolina Civil Rule 4(j)(5)a provides, in turn, that service on a city may be made "by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to its mayor, city manager or clerk." N.C. R. Civ. P. 4(j)(5)a.

Under North Carolina law, proof of service of process by certified mail, return receipt requested is made by filing an affidavit together with a copy of the return receipt. N.C. R. Civ. P. 4(j2). The affidavit must state that "a copy of the summons and complaint was deposited in the post office for mailing by registered or certified mail, return receipt requested; . . . it was in fact received as evidenced by the attached registry receipt or other evidence satisfactory to the court of delivery to the addressee; and . . . the genuine receipt or other evidence of delivery is attached." N.C. Gen. Stat. § 1-75.10(a)(4); *see also* N.C. R. Civ. P. 4(j2). "This affidavit together with the return receipt . . . signed by the person who received the mail or delivery if not the addressee raises a presumption that the person who received the mail or delivery and signed the receipt was an agent of the addressee authorized by appointment or by law to be served or to accept service of process . . . ." N.C. R. Civ. P. 4(j2). A party may rebut this presumption with "'affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant.'" *Deal*, 2011 WL 354690, at * 3 (quoting *Grimsley v. Nelson*, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996)).

Under Rule 4(c), service must be made by someone other than a party who is at least 18 years old. Fed. R. Civ. P. Rule 4(c). Further, Fed. R. Civ. P. 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

### B. Service on George and Cottingham

George and Cottingham challenge the sufficiency of service of process on the grounds that (1) the summons and complaint mailed to them were delivered to someone who was neither their agent nor authorized to accept service on their behalf in violation of North Carolina Civil Rule 4(j)(1)c and (2) plaintiff, a party to the action, mailed the documents himself in violation of Rule 4(c).[7] Because of the insufficiency of service, these defendants argue that the court has not obtained personal jurisdiction over them. The court agrees that plaintiff failed to properly serve George and Cottingham on the first ground asserted and does not reach the second ground.

Plaintiff relies on completed federal proof of service forms he filed for both George and Cottingham. (Proof of Serv. for George (D.E. 6 at 16); Proof of Serv. for Cottingham (*id.* at 14)). The forms purport to show service by certified mail on a Luciana Godley as an agent for George and Cottingham.

Specifically, in each form, plaintiff states that he "served summons on [the defendant] by certified mail, return receipt number [_____]. Summons was received by on [sic] September 21, 2010." (Proof of Serv. for George (D.E. 6 at 16); Proof of Serv. for Cottingham (*id.* at 14)).

---

[7] *See, e.g., Knotts v. Univ. of N.C. at Charlotte*, No. 3:08-CV-478, 2011 WL 650493, at *9 (W.D.N.C. 11 Feb. 2011) (holding that pursuant to Rule 4(c), "even when service by mail is proper, it cannot be a party who mails it" and collecting cases holding same).

8

What appears to be plaintiff's signature is in the space for "Server's Signature." (Proof of Serv. for George (D.E. 6 at 16); Proof of Serv. for Cottingham (*id.* at 14)). Accompanying each form is a return receipt showing the mailing address of 500 South Green Street, Greenville, North Carolina 27384. (Proof of Serv. for George (D.E. 6 at 15); Proof of Serv. for Cottingham (*id.* at 13)). The name "Luciana Godley" is printed in the space for identification of the recipient, and what appears to be her signature is directly above it. (Proof of Serv. for George (D.E. 6 at 15); Proof of Serv. for Cottingham (*id.* at 13)).

But the proof of claim forms do not appear to meet all the requirements for affidavits upon which a presumption of agency can be based (or which can otherwise serve as valid proof of service). For example, they do not state that the mailing "was deposited in the post office for mailing by registered or certified mail, return receipt requested" (although this information can arguably be inferred by inclusion of the signed return receipt with the form). N.C. Gen. Stat. § 1-75.10(a)(4). More significantly, the form does not state that a copy of the complaint was included in the mailing.[8] It is therefore questionable whether the proof of service forms, with the accompanying receipts, raise the presumption under North Carolina Civil Rule 4(j2) that Luciana Godley was an agent of George and Cottingham authorized to accept service of process on their behalf.[9]

But even assuming the forms do raise the presumption, George and Cottingham have rebutted it. They each submitted their own affidavits stating that Godley was not their agent or authorized to accept service on their behalf. (George Aff. (D.E. 18-2) ¶¶ 6, 9; Cottingham Aff.

---

[8] While this and other evidence of record suggests that the process served as to George an d Cottingham may have been deficient under Rule 12(b)(4), the court need not resolve that issue given its recommended disposition under Rule 12(b)(5). (*See* Cottingham Aff. (D.E. 18-1) ¶ 4 ("Affiant has never been provided or served with a copy of any complaint involving Plaintiff.")).

[9] The fact that the information is provided under penalty of perjury, rather than being sworn, is not, of course, a deficiency because a federal statute, 28 U.S.C. § 1746, permits the use of declarations in lieu of affidavits.

9

(D.E. 18-1) ¶¶ 6, 9). In her own affidavit, Godley states that she is a Community Service Clerk with the Greenville Police Department and confirms that she was not authorized to accept service for George or Cottingham. (Godley Aff. ¶¶ 3, 8). Thus, George and Cottingham have submitted affidavits of more than one person showing unequivocally that proper service was not made on them.[10] The court therefore concludes that service was not effected and that the court has not obtained personal jurisdiction over these defendants.[11]

Further, the 120-day period within which plaintiff was required to effect service under Rule 4(m) expired on or about 5 January 2011.[12] While Rule 4(m) authorizes the court to grant an extension of the 120-day period for good cause, the court finds that such an extension is not warranted in this case. Plaintiff was put on notice of George and Cottingham's specific objections to service in their motion to dismiss, which was filed 13 October 2010. (*See* D.E. 17). Though plaintiff had 84 days remaining in the 120-day period at the time he was made aware of the alleged defects, he made no effort to correct the deficiencies or seek an extension of time to do so. Moreover, plaintiff has not provided any explanation to the court as to why he was unable to properly serve these defendants even after they raised the issue a second time in a renewed motion to dismiss filed 11 February 2011 (D.E. 48) (to which Greenville was also a party).

---

[10] The affidavits of each George, Cottingham, and Godley state that neither George nor Cottingham resided at the address to which service was directed. (George Aff. ¶ 6; Cottingham Aff. ¶ 6; Godley Aff. ¶ 6). This, among other evidence, substantiates the inapplicability of the provisions applicable to service of process at a defendant's residence. *See* Fed. R. Civ. P. 4(e)(2)(B); N.C.R. Civ. P. 4(j)(1)a.

[11] One of the pending motions by plaintiff (D.E. 29), which addresses his attempt to serve Greenville Mayor Patricia C. Dunn, could be read as claiming that plaintiff attempted to serve George and Cottingham in their individual capacity by serving Dunn. However, a response (D.E. 32) to this motion by George and Cottingham includes an affidavit from Dunn (D.E. 32-1), which states that she was never appointed as an agent for these defendants (¶ 8). In any event, plaintiff's motion is too vague to allow the court to address it in any meaningful manner. For instance, it fails to name the specific defendants plaintiff was attempting to serve and cites portions of N.C. R. Civ. P. 4(j) that have no application in this case (*i.e.*, N.C. R. Civ. P. 4(j)(2)(b) (providing for service on persons under a disability); N.C. R. Civ. P. 4(j)(4) (providing for service on agencies of a state) ).

[12] This date is 120 days from 7 September 2010, the date plaintiff filed his complaint.

George and Cottingham's motion to dismiss should accordingly be allowed pursuant to Rule 12(b)(5), and the claims against them should be dismissed without prejudice. Given this recommended disposition, the court need not address the additional grounds asserted for the motion.

### C. Service on Greenville

As indicated, Rule 4(c)(1) requires that a summons be served with the complaint. Fed. R. Civ. P. 4(c)(1). Independent of that requirement, the North Carolina state law procedure plaintiff relied upon for service on Greenville–mailing by certified mail on the Mayor–also requires service of the summons along with the complaint. N.C. R. Civ. P. 4(j)(5)a. Greenville contends that the mailing it received from plaintiff did not include a summons, as required, and that the process it received was therefore insufficient, preventing the court from asserting personal jurisdiction over it. The record clearly shows process was insufficient.

The record includes an affidavit of Greenville Mayor Patricia C. Dunn ("Dunn") submitted by Greenville. (Dunn Aff. (D.E. 34-1) ¶ 9). In it, she states that the purported service mailing she received from plaintiff through certified mail did not contain a copy of the summons, although it did have a copy of the complaint. (*Id.* ¶ 9).

Plaintiff's own affidavit of service[13] on Greenville confirms the absence of a summons. It contains a listing of the numerous documents purportedly included in the mailing to Dunn.

---

[13] It is questionable whether the affidavit actually qualifies as such. The notarial certification in it is devoted largely to a mere acknowledgment by the notary that plaintiff signed the document, not a verification that plaintiff swore that its contents are true. The certification does contain the language "sworn to and subscribed by:", but no name appears after it. Nevertheless, the court's ruling does not depend on verification of the purported affidavit. The affidavit may properly be considered on its merits as an admission by plaintiff. Fed. R. Evid. 801(d)(2). Moreover, its veracity is confirmed by the notary's statement that the listing is accurate and the court's records. And, as indicated, it is ultimately plaintiff's burden to demonstrate service, not Greenville's to demonstrate its absence. The court need not, of course, determine whether the affidavit is sufficient to create the presumption of agency under North Carolina Rule 4(j2) because agency is not material with respect to service on Greenville. Even if the person who received the mailing was not an agent for Dunn or Greenville, the insufficiency of the process itself would defeat effective service.

The listing does not include a summons to Greenville. (Aff. of Serv. on Greenville 1-2). Not only is the affidavit signed by plaintiff, essentially indicating his confirmation that a summons to Greenville was not included, but the notary whose certification appears on it states that she "personally verified that these documents . . . were placed in an envelope" and sent by plaintiff to Dunn. (*Id.* 1).

Court records are in accord. They do not show that a summons was ever issued for Greenville.

The court concludes that the process plaintiff sent Greenville did not include a summons and was therefore insufficient, and that the court accordingly has not obtained personal jurisdiction over Greenville. For the comparable reasons stated above with respect to George and Cottingham, the court finds that plaintiff has failed to show good cause why it should permit him an extension of time to cure the defective service on Greenville pursuant to Rule (4)(m). In this instance, the motion was filed on 5 November 2010, 61 days prior to the 5 January 2011 deadline for service. As with George and Cottingham, plaintiff has made no showing that he took any action to correct the deficiencies in service on Greenville during this period and he did not seek an extension of time to do so. Although as discussed in the next section plaintiff did file a motion relating to service on Greenville (D.E. 29), it was filed (on 1 November 2010) before Greenville's dismissal motion detailing the flaws in service on it.

Greenville's motion to dismiss should accordingly be allowed pursuant to Rule 12(b)(4), and the claims against Greenville should be dismissed without prejudice. Given this recommended disposition of Greenville's motion, the court need not address the additional grounds for it. The court having found that the claims against all the remaining defendants should be dismissed, the case in its entirety should be dismissed.

## REMAINING MOTIONS

As indicated, there are seven motions before the court besides defendants' dismissal motions. Six were filed by plaintiff. They include: a motion to take judicial notice of adjudicative facts (D.E. 4), a motion for leave to serve a first set of interrogatories (D.E. 41), and a motion to amend the complaint (D.E. 45). The recommended allowance of the dismissal motions moots these motions and they should therefore be denied as such.[14]

The three additional motions (D.E. 28, 29, 37) by plaintiff, each termed a "Motion to Quash Insufficient Service of Process and Continue with Proceeding," seek essentially a determination that plaintiff's service on certain defendants was proper. Two of the motions (D.E. 28, 37) relate to service on North Carolina state officials, against whom, as indicated, the case has already been dismissed. These motions are therefore manifestly moot and should be denied as such.

The remaining motion to quash (D.E. 29) is directed to service on Greenville. George and Cottingham filed a joint response (D.E. 32) to this motion. The court has considered this motion and the response in conjunction with its consideration of Greenville's dismissal motion. In accordance with the recommended allowance of Greenville's dismissal motion, this motion by plaintiff to quash should be denied.

The one remaining motion (D.E. 48) was filed by defendants. It combines a renewed request to dismiss and a request to strike plaintiff's motion to amend. The renewed dismissal request reiterates the positions advanced by defendants in the dismissal motions already

---

[14] As to the mooting of the motion, s*ee, e.g., Constien v. United States*, 628 F.3d 1207, 1210 (10th Cir. 2010) ("[D]ismissal without prejudice for failure of service is a dismissal of the action and not just the complaint because no amendment of the complaint could cure the defect."); *Spinale v. United States*, No. 03CIV1704KMWJCF, 2005 WL 659150, *5 & n.3 (S.D.N.Y. 16 Mar. 2005) (recommending denial of plaintiff's motion to amend complaint as moot because it sought to amend claims related only to a defendant dismissed due to failure to make timely service), *adopted by court and sub'ly aff'd sub nom. Spinale v. Ball,* 352 Fed. Appx. 599, 599, 600 (2d Cir. 2009).

discussed. This portion of the remaining motion is therefore moot. The other portion is moot as well. It seeks to strike a motion the court has already found to be moot. This additional motion by defendants should therefore be denied as moot in its entirety.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the court enter an order providing as follows:

1. The motion (D.E. 17) to dismiss by George and Cottingham is GRANTED, pursuant to Rule 12(b)(5);

2. The motion (D.E. 33) to dismiss by Greenville is GRANTED, pursuant to Rule 12(b)(4);

3. Plaintiff's motion (D.E. 29) to quash as to Greenville is DENIED;

4. The following motions are DENIED AS MOOT:

   a. Plaintiff's motion (D.E. 4) to take judicial notice of adjudicative facts;

   b. Plaintiff's motions (D.E. 28, 37) to quash as to dismissed defendants;

   c. Plaintiff's motion (D.E. 41) for leave to serve a first set of interrogatories;

   d. Plaintiff's motion (D.E. 45) to amend the complaint; and

   e. The renewed motion (D.E. 48) by defendants George and Cottingham to dismiss and to strike plaintiff's motion to amend the complaint.

5. This case is DISMISSED without prejudice.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to counsel for the respective parties, who have until 12 August 2011 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual

findings and legal conclusions accepted by the District Judge. Any response to objections are due no later than 10 days from service of the objections or 22 August 2011, whichever is earlier.

This, the 2nd day of August 2011.

*(signature)*
James E. Gates
United States Magistrate Judge